IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT GLASER, | § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 4:12CV289-DDB |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. 4). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about May 27, 2005 Plaintiff Gregory Scott Glaser executed a Deed of Trust and Promissory Note to purchase real property located at 3121 Luallen Drive, Carrollton, Texas 75007 ("the Property"). *See* Dkt. 3 at ¶ 5. According to the Plaintiff, Mortgage Electronic Registration Systems (MERS) as a nominee for the original lender, Maverick Residential Mortgage, Inc., executed a Corporate Assignment of Deed of Trust on February 27, 2012, and assigned its interest in the Deed of Trust to Defendant Wells Fargo Bank. *Id.* Defendant Wells Fargo Bank accelerated the Note, appointed a substitute trustee, and is now attempting to foreclose on the Property. *Id.* at ¶ 7.

On April 27, 2012 Plaintiff filed suit in the 431st Judicial District of Denton County, Texas, and, on May 11, 2012, the matter was removed to this Court. *See* Dkt. 3 and 1.

Plaintiff's state court petition – which has not been amended since removal – lists the following causes of action: (1) violations of the Texas Civil Practices and Remedies code; and (2) violations of the Texas Finance Code and Texas Debt Collection Act. *See* Dkt. 3. Plaintiff also seeks an accounting of all transactions on his mortgage loan and an injunction to prevent foreclosure of the Property. *Id.*

Defendant filed a motion to dismiss, seeking to dismiss Plaintiff's claims. *See* Dkt. 4. Defendant first argues that the Plaintiff lacks standing to challenge any assignments of the Deed of Trust, because the Plaintiff is not a party to or beneficiary of those assignments. *Id.* Next, Defendant contends Plaintiff has failed to state a claim under the Texas Civil Practice and Remedies Code and Texas Debt Collection Act, and failed to state a claim for injunctive relief and accounting. Plaintiff filed a response in opposition, claiming Defendant Wells Fargo still lacks authority to foreclose on the Note. *See* Dkt. 5.

After this case was referred to the undersigned by consent of the parties, the Court entered an order giving Plaintiff until September 12, 2012 to address any deficiencies raised by Defendant's motion to dismiss. *See* Dkt. 14. As noted by Defendant's November 20, 2012 Notice, Plaintiff has not amended his complaint or otherwise cured the deficiencies raised by Defendant in its motion. *See* Dkt. 16. The Court thus addresses the complaint before it.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court has reviewed Defendant's dismissal arguments and finds that they are well founded and supported by applicable authority.

Plaintiff claims that Defendant filed a fraudulent lien with regard to his Property in violation of Section 12.002 of the Civil Practice and Remedies Code. The Court finds that Plaintiff's claims in this case regarding MERS's authority and standing as to the Note are without merit. In fact, Plaintiff's theory has been repeatedly rejected by courts across the country, including this one.

The Deed of Trust here provides:

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property

Dkt. 4-2 at 4.[1]

---

[1]Although a district court may generally not go outside the complaint when considering a motion to dismiss, a court may consider documents attached to a motions to dismiss if the documents are referenced by the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Deed of Trust is central to Plaintiff's claims

Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE. ANN. § 51.0025. Here, the Deed of Trust identified MERS as the beneficiary and the nominee for the original lender and its successors and assigns. *See* Dkt. 17-2. Thus, MERS is a mortgagee under the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.0001(4). As a mortgagee, MERS could authorize another entity to service the loan and foreclose. *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, 3 (E.D. Tex. 2011). Various opinions within the Fifth Circuit have rejected Plaintiff's argument that MERS's assignment of the mortgage was invalid and, without any factual distinctions by Plaintiff here, the Court declines to re-plow well harvested ground. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs' attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011). Similarly, courts have consistently held that a borrower does not have standing to challenge assignment from MERS to which the borrower was a non-party. *Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4

here; therefore, the Court considers it.

(E.D. Tex. 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *5 (N.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011). Based on the governing authority here, the Court can identify no facts here that would state a sufficient claim to challenge whether a third party has authority to act on behalf of MERS.

Plaintiff's "split the note theory" has also been uniformly rejected in this District and other Texas Courts and, without any factual distinction by Plaintiff as to those cases, the Court will not replow well-harvested ground. *See Dubrock v. GMAC Mortgage, LLC*, 2012 WL 629397, at *1 (E.D. Tex. 2012) *Cannon v. JP Morgan Chase Bank, N.A.*, 2011 WL 6838615, at *5 (E.D. Tex. 2011);; *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, at *6 (E.D. Tex. 2011), *adopted by* 2011 WL 2183844 (E.D. Tex. 2011) (dismissing claim based on "split the note" theory); *Salmeron v. CitiMortgage, Inc.*, 2012 WL 760110, at *3 (N.D. Tex. 2012) ("Since all of Plaintiffs' claims are premised on the "split the note" theory, they all fail."); *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at * 4 (S.D. Tex. 2012) ("Plaintiff's 'split the note' theory is also unavailing."); *Defrancheschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). Because, based on the facts before the Court, the Note and Deed of Trust were both executed on July 26, 2007 in order to secure a loan for purchase of the Property, they are construed together and will not be split. *Eskridge v. Federal Home Loan Mortg. Corp.*, 2011 WL 2163989, 5 (W.D. Tex. 2011) (citing *CA Partners v. Spears,* 274 S.W.3d 51, 66 n. 9 (Tex. App. – Houston [14th Dist.] 2008)

(citing *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex. 1982)).

As a sister district court has recently explained:

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942); *Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002 (West Supp.2007); *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied); Tex. Bus. & Com. Code § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)). In Texas, "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust." *University Sav. Ass'n v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex. 1982).

Here, Plaintiff has attached to his complaint a February 24, 2012 Corporate Assignment of Deed of Trust assigning MERS's interest in the Deed of Trust as to Plaintiff's Property to Wells Fargo Bank, NA. Dkt. 1-4. The documents before the Court clearly indicate Defendant's rights under the Deed of Trust, and there is no authority to show that possession – or lack of possession – of the Note is of any consequence here. *See, e.g., Athey v. Mortgage Electronic Registration Systems, Inc.*, 314 S.W.3d 161 (Tex. App.– Eastland 2010, no pet.) (mortgagee had authority under

deed of trust to proceed with nonjudicial foreclosure, even though it was not the owner and holder of the note). Given the facts before it, the Court finds that Plaintiff cannot challenge Wells Fargo's standing to foreclose on the Property based on an argument that any assignments were improper. As such, without clear (and governing) authority as to the matter and having considered Plaintiff's case-specific allegations here, the Court declines to find that Plaintiff has stated a claim under Section 12.002 of the Texas Civil Practice and Remedies Code that is plausible on its face.

Plaintiff's claim that Defendant violated Section 12.002 of the Texas Civil Practices & Remedies Code and any other challenges to Defendant's authority to foreclosure pursuant to its rights under the Deed of Trust are therefore dismissed.

Because Plaintiff's theories as to Defendant's authority to foreclose is without merit, he has also not stated a claim under the Texas Finance Code and the Texas Debt Collection Act. Plaintiff's allegations as to the violations of the Texas Finance Code do not otherwise provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. They are also dismissed for failure to state a claim.

Because Plaintiff has failed to demonstrate any fact issues entitling him to any relief, he is not entitled to an accounting or injunctive relief. *See Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. 2007) (accounting is generally an equitable remedy) (citing *Maltina Corp. v. Cawy Bottling Co.,* 613 F.2d 582, 584-85 (5th Cir.1980)); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, Plaintiff

is required to show "a substantial likelihood of success on the merits.").

Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. 4) is GRANTED, and Plaintiff's claims are dismissed in their entirety for failure to state a claim.

**SO ORDERED.**

**SIGNED this 25th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE